UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER J. McCAIN-BRAY,<br><br>Defendant. | Case No. 2:16-cr-00224-KJD-CWH<br><br>ORDER |

Presently before the Court is Defendant's Motion for Compassionate Release (#41). The Government filed a response in opposition (#44) to which Defendant replied (#48). Also before the Court are the Government's Motions for Leave to Supplement Response (#50) and to Seal Exhibit (#51). Having read and considered the motion to supplement and the motion to seal, and good cause being found, they are granted.

I. Analysis

Two significant changes have affected the analysis of Defendant's motion. First, Defendant has been released from detention at FPC Bryan to a residential reentry center ("RRC"). Second, Defendant has refused the Covid-19 vaccine. Defendant's release moots the pending motion for compassionate release. See, e.g., United States v. Chapman, 2021 WL 1896967, at *2 (E.D. Va. May 11, 2021) (holding that defendant's transfer from a prison to an RCC "arguably" mooted defendant's compassionate release motion).

However, even if the motion is not moot, the Court would deny Defendant's pending motion. McCain-Bray has failed to meet her burden of proof in demonstrating that she has serious health conditions that put her at such an increased risk from Covid that extraordinary and compelling reasons exist to release her to home confinement. First, there is no evidence in the record that Defendant suffers from pulmonary hypertension that puts her at increased risk of

severe illness or death from Covid-19. Second, there is no evidence in the record that demonstrates that Defendant is obese, which would put at increased risk of severe illness or death from Covid-19. While Defendant has been counseled about her weight, and refers to herself as overweight, it does not appear that she is obese. Finally, there is no evidence that anemia puts Defendant at an increased risk of severe illness or death from Covid-19. Therefore, the Court finds that no extraordinary and compelling reasons exist to justify Defendant's premature release from custody.

Even if they did, the Court would not grant the motion, because Defendant has refused the vaccine. Defendants cannot foment the risk to their health and then argue that extraordinary and compelling reasons exist to justify their release:

> Defendant cannot establish that [her] conditions are exceptional and demand immediate release when [she] intentionally prevents the BOP from mitigating dangers to [her] health and safety. 18 U.S.C. § 3582(c)(1)(A). A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would militate against the ameliorative purposes of compassionate release. Denial of Defendant's request for release is warranted on this basis alone.

United States v. Austin, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021) (Cleland, J.); see also, e.g., United States v. Baeza-Vargas, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.") (citing more than a dozen cases); United States v. Greenlaw, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021) (the court reviews CDC guidance and numerous other decisions and concludes, "The risk-benefit analysis in favor of inoculation is so overwhelming that the Court holds Mr. Greenlaw's refusal to be vaccinated against his motion for compassionate release."). Therefore, if Defendant's motion was not moot, the Court would deny it.

II. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Government's Motion for Leave to Supplement Response (#50) is **GRANTED**;

IT IS FURTHER ORDERED that the Government's Motion to Seal Exhibit (#51) is **GRANTED**;

IT IS FINALLY ORDERED that Defendant's Motion for Compassionate Release (#41) is **DENIED**.

Dated this 22nd day of November 2021.

_____
Kent J. Dawson
United States District Judge